Geremy Byzewski / 18270927
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

GEREMY BYZEWSKI,
      Plaintiff,

Case No. 2:24-cv-01329-YY.

Vs.

**AMENDED COMPLAINT**
Civil Rights Action
(42 USC § 1983)

The Oregon Dept. of Corrections, (ODOC)
TRCI Physical Plant Manager J. Stark,
Registered Nurse RN wettlaufer,
Medical Director Warren Roberts,
TRCI – Superintendent ERIN REYES,
ODOC Director Colette Peters,
Defendants are being sued either in their
Individual or Official Capacity as Appropriate,
      Defendant's.

**Verified Complaint**

**JURY TRIAL DEMANED**

## 1
## INTRODUCTION

Plaintiff, GEREMY BYZEWSKI, (Mr. Byzewski hereinafter), brings a civil action against the Oregon Dept. Of Corrections (ODOC) Et. Al. alleging that the defendants are deliberately indifferent to his medical needs and are forcing him to

suffer in agonizing pain daily. Mr. Byzewski believes that the defendants have violated the law under the US Constitutional protections against unconstitutional treatment. Mr. Byzewski alleges that the defendant's actions and or inactions violates his Eighth Amendment right to be free from Cruel and unusual punishment and to be free from deliberate indifference to his medical needs in violation of the United states Constitution and U.S. federal Law. Plaintiff, Mr. Byzewski also incorporates State Tort claims.

# 2
# JURISDICTION

2. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 USC § 1983 and 28 USC § §1331,1343(a)(3), and 1343(a)(4) & 1367 Supplemental jurisdiction.

# 3
# VENUE

3. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district. 28 USC § 1391 (b). All of the Defendant's reside in the judicial district.

4
## ALL OF THE PARTIES

**The Plaintiff':**

4.At all times relevant to this action, the plaintiff, **Geremy Byzewski** was a ward of the state of Oregon, and an Adult in Custody in the custody of the Oregon Dept. of Corrections confined in the Two Rivers Correctional Institution. (TRCI).

**The Defendant's:**

5.At all times relevant to this action, **the Defendant, J. Stark** was employed as an agent of the state of Oregon as the physical plant manager for TRCI for the Oregon Dept. of Corrections. Mr. J Stark is a direct contact defendant for the issues alleged in this complaint.

6.At all times relevant to this action, **the Defendant's RN wettlaufer, Et Al the TRCI medical team,** were employed as an agent of the state of Oregon as Nurses and registered Nurses for TRCI for the Oregon Dept. of Corrections.

7.At all times relevant to this action, **the Defendant's Warren Robert's MD., Et. Al.** was employed as an agent of the state of Oregon for the Oregon Dept. of Corrections Chief medical Practitioner and the ODOC's Medical Director.

Page | 3 GEREMY BYZEWSKI's **Verified Complaint-** Civil Rights Action.

8.  At all times relevant to this action, **the Defendant Erin Reyes** was employed as an agent of the state of Oregon Assigned in an Administerial capacity as the superintendent for TRCI for the Oregon Dept. of Corrections.

9.  At all times relevant to this action, **ODOC Director Colette Peters,** was employed as an agent of the state of Oregon Assigned in an Administerial capacity as the Director for the Oregon Dept. of Corrections.

10. At all times relevant to this action, the Defendant, **the Oregon Dept. of corrections** is an agency of the state of Oregon and is responsible for the actions and training of its employees.

### 5.

### EXAUSTING ANY AND ALL AVAILABLE ADMINISTRATION REMEDIES

11. Mr. Byzewski asserts that he exhausted any and all meaningful administrative remedy through the grievance system of the O.D.O.C. at TRCI. And has given the state notice of tort claim #L18387001.

## 6.

## STATEMENT OF FACTS AND ALLEGATIONS

12. Mr. Byzewski alleges that at the time of this incident he lived on unit 3 at the Two Rivers Correctional Institution (TRCI).

13. Mr. Byzewski alleges that on or about 8/15/22 @ 8:15 pm he went outside and sat down on the bench along the side of the wall of unit 3.

14. Mr. Byzewski alleges that when he sat down the bench snapped off of the wall and crushed his legs under the bench.

15. Mr. Byzewski alleges that when the bench broke off of the wall and crushed his legs his back was injured.

16. Mr. Byzewski alleges that 12/24/22 Good Shepherd Hospital performed an MRI and Good Shepherd Hospital confirmed a Posterior annular tear with central

disk protrusion and Mild thickening of ligamentum and sever stenosis of the central canal of the L-4 and L-5 disk of the spine.

17. Mr. Byzewski alleges that on 12/29/22 he was sent to Kadlec Regional Medical Center for an MRI and the result was that Kadlec Regional Medical Center confirmed broad-based central disc protrusion. Mild thickening of ligamentum and sever stenosis of the central canal of the L-4 and L-5 disk of the spine

18. Mr. Byzewski alleges that on 12/29/22 Kadlec Regional Medical Center ordered follow up procedures to be done by the Kadlec Neuroscience Center for an appointment in spine pathway procedures and these follow ups have never taking place to date.

19. Mr. Byzewski alleges that he has suffered severe muscle twitching, chronic back pain and right-side weakness.

20. Mr. Byzewski alleges that on 1/4/2024 the therapeutic level of care committee (TLC) admitted on their CD 1282 that ODOC and TRCI medical was and had been

fully aware of the fact that the diagnosis concerning plaintiff's lumbar was known to be the issue three years prior.

21. Mr. Byzewski alleges that on 12/7/2021 the TLC committee recommended that an appointment be scheduled so that he could discuss with my primary care provider pain management medication and pain control.

22. Mr. Byzewski alleges that this appointment never took place with his primary care provider and plaintiff has been suffering - in pain - every day.

23. Mr. Byzewski alleges that on 12/7/2021 the TLC committee recommended that an appointment be scheduled so that he could consult with an actual neurosurgeon, Mr. Byzewski alleges that this appointment never took place.

24. Mr. Byzewski alleges that during an appointment with NP Manney, the primary care provider for TRCI that I would not receive treatment or any surgery due to the cost Vs. time element that ODOC Medical uses in determining if they will have to authorize treatment and or surgery.

25. Mr. Byzewski alleges that ODOC physical plant Defendants were negligent in one or more of the following particulars;

    a. In installing a bench on the Units recreation yard with non-galvanized bolts with are not meant for outside instalments of weather exposed structures.

    b. Mr. J. Stark, Et. Al. knew or should have known that installing a bench on the Units recreation yard with non-galvanized bolts that are not meant for outside instalments of weather exposed furniture will cause corrosion and eventually failure of that anchor to the wall.

    c. In failing to supervise, monitor, and / or evaluate J. Stark Et. Al. installments of any and all installations.

    d. In failing to protect plaintiff from harm from things that are made by the physical plant.

26. Mr. Byzewski alleges that ODOC failed to use reasonable care in incarcerating plaintiff as alleged above. ODOC 's conduct was negligent to be proved at trial.

27. Mr. Byzewski alleges that as a consequence of ODOC 's negligence, plaintiff has suffered severe emotional and psychological pain and suffering to be proved at trial.

28. Mr. Byzewski alleges that ODOC 's conduct was a substantial factor in

causing harm to plaintiff to be proved at trial.

29. Mr. Byzewski alleges that as a direct result of the DOC defendant's conduct, as outlined above, plaintiff suffered injury and in addition to the multiple aforementioned harms; in the amounts stated herein.

## MEDICAL

### Conduct related to the client's safety and integrity:

30. Mr. Byzewski alleges that TRCI Medical Employee's "Defendants" were negligent in one or more of the following particulars.

31. Mr. Byzewski alleges that failing to act to preserve or promote the client's safety based on nursing assessment and judgment.

32. Mr. Byzewski alleges that failing to develop, implement or modify the plan of care.

33. Mr. Byzewski alleges that assigning persons to perform functions for which they are not prepared to perform or that are beyond their scope of practice, authorized duties, or job functions.

34. Mr. Byzewski alleges that failing to clinically supervise persons to whom an assignment has been made.

Page | 9 GEREMY BYZEWSKI's **Verified Complaint-** Civil Rights Action.

35. Mr. Byzewski alleges that assuming duties and responsibilities within the practice of nursing when competency has not been established or maintained.

36. Mr. Byzewski alleges that leaving or failing to complete any nursing assignment, including a supervisory assignment, without notifying the appropriate personnel and confirming that nursing assignment responsibilities will be met.

37. Mr. Byzewski alleges that failing to report through proper channels, facts known regarding the incompetent, unethical, unsafe or illegal practice of any health care provider pursuant to ORS chapter 676.

38. Mr. Byzewski alleges that failing to respect the dignity and rights of clients, inclusive of social or economic status, age, race, religion, gender, gender identity, sexual orientation, national origin, nature of health needs, physical attributes, or disability.

39. Mr. Byzewski alleges that failing to report actual or suspected incidents of abuse, neglect or mistreatment.

**Conduct related to communication:**

40. Mr. Byzewski alleges that failure to accurately document nursing interventions and nursing practice implementation.

41. Mr. Byzewski alleges that failure to document nursing interventions and nursing practice implementation in a timely, accurate, thorough, and clear manner. This includes failing to document a late entry within a reasonable time period.

42. Mr. Byzewski alleges that entering inaccurate, incomplete, falsified or altered documentation into a health record or agency records.

43. Mr. Byzewski alleges that documenting nursing practice implementation that did not occur.

44. Mr. Byzewski alleges that documenting the provision of services that were not provided.

45. Mr. Byzewski alleges that failing to document information pertinent to a client's care.

46. Mr. Byzewski alleges that failing to communicate information regarding the client's status to other individuals who are authorized to receive information and have a need to know.

47. Mr. Byzewski alleges that ODOC failed to use reasonable care in incarcerating

plaintiff as alleged above. ODOC's conduct was negligent to be proved at trial.

48. Mr. Byzewski alleges that as a consequence of ODOC's negligence, plaintiff has suffered severe emotional and psychological pain and suffering to be proved at trial.

49. Mr. Byzewski alleges that ODOC's conduct was a substantial factor in causing harm to plaintiff to be proved at trial.

50. Mr. Byzewski alleges that each defendant acted and continue to act under color of State law at all times relent to this complaint, and in their personal and professional capacity when they ignored plaintiff's pleas to be free from the cruel and unusual punishment complained of herein. Each defendant is being sued in their individual capacity.

## FIRST CLAIM FOR RELIEF

**(42 USC § 1983 Eighth Amendment Violations Against all Defendants)**

**(Deliberate Indifference to serious Medical Needs)**

51. Mr. Byzewski re-alleges all prior relevant paragraphs as if set forth herein.

52. The 8th. Amendment to the United states Constitution, applicable to the states by operation of the 14th Amendment, prohibits "cruel and unusual punishment."

Deliberate indifference to the serious medical needs of an Adult in Custody constitutes cruel and unusual punishment under the Eighth Amendment.

53. The medical conditions described above constitute serious medical needs. Defendant's failure to provide for the plaintiff's serious Medical Needs constitutes deliberate indifference; resulting in cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (as applied to the States via the Fourteenth Amendment to the United States Constitution.)

54. As a result of the Defendant's violations of Mr. Byzewski constitutional rights, Mr. Byzewski has suffered emotional distress. Accordingly, Mr. Byzewski is entitled to non – economic damages against defendant's' in an amount to be determined at trial for the violations of 42 USC § 1983.

55. Each defendant acted under color of law and in their personal and professional capacity when they ignored Administrative rules, State and Federal law - in violation of Mr. Byzewski Eighth Amendment Rights under the U.S. Constitution.

56. Defendant's acts were willful and malicious and done with reckless

indifference to Mr. Byzewski protected rights. Defendant's should be assessed punitive damages in an amount as fixed by a jury to punish them and deter such conduct in the future.

57. All of these claims mentioned caused plaintiff mental, emotional, and psychological injuries along with Eighth Amendment violations and injuries.

58. Plaintiff suffered injury and damages described herein and is entitled to the relief sought – in the amounts stated herein to be proved at trial.

59. Mr. Byzewski is entitled to Attorney fees, costs and disbursements pursuant to 42 USC § 1983.

60. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein.

61. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this court grants the declaratory and injunctive relief which he seeks.

## SECOND CLAIM FOR RELIEF
### (Negligence)
### (Against all Defendant's)

62. Mr. Byzewski re-alleges all prior relevant paragraphs as if set forth herein.

63. ODOC was negligent in exposing plaintiff to known dangers as alleged above.

64. At all material times, ODOC Defendant's had a special relationship with plaintiff as agents charged with protecting the plaintiff, and as his temporary custodians, owed a duty to protect him from all known harms to his life, and in violation of clearly established policy the defendants were negligent in exposing plaintiff to known dangers.

65. ODOC owes the plaintiff a higher standard of care because of the nature of incarceration. As a ward of the Sate, ODOC manages all aspects of the plaintiff's care. ODOC voluntarily took the custody of plaintiff under the circumstances such as to deprive him of all of the normal opportunities for obtaining his own medical services and treatment as needed, and created a non – delegable duty to ensure that the plaintiff would be safe and plaintiff would not suffer this kind of injury. ODOC did not meet its obligation to protect the plaintiff to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Byzewski prays for relief against all defendant's, severally and individually, as follows:

A. Compensatory damages in an amount not presently known or ascertained but to be proven at trial:

B. Punitive damages:

C. Reasonable Attorney fees and costs pursuant to 42 USC § 1988; and

D. For such other and further relief as may appear just and appropriate.

Mr. Byzewski demands a trial by jury.

## VERIFICATION

I HEREBY VERIFY THAT I HAVE READ ALL OF THE DRAFTED COMPLAINT HERE AND I ALSO VERIFY THAT ALL MATTERS ALLEGED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF – EXCEPT AS TO ANY MATTERS THAT I HAVE ALLEGED HEREIN THAT WAS BASED ON INFORMATION THAT I RECEIVED ON BELIEF – AND AS TO ALL OF THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

I FURTHER VERIFY UNDER PENALTY OF PERJURY THAT ALL OF THE FOREGOING IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated this 10th day of September, 2024.

Mr. Byzewski
Plaintiff Pro-Se
18270927 @ TRCI
82911 Beach Access Rd.
Umatilla, OR. 97882

## CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needless increase the cost of litigation:(2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 10th day of September, 2024.

Mr. Byzewski
Plaintiff Pro-Se
18270927 @ TRCI
82911 Beach Access Rd.
Umatilla, OR. 97882